UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GOODWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-0011 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Before the Court is the motion of Michael Goodwin for leave to proceed in forma pauperis, as well as his petition "for the Court to take judicial notice of adjudicated facts." After reviewing the financial information provided, the Court finds that Goodwin is unable to pay the filing fee.[1] Therefore he will be granted leave to proceed in forma pauperis. However, for the reasons discussed below, Goodwin's petition will be denied.

**Background**

On September 7, 2001, Goodwin pled guilty to Count I of an indictment charging him with conspiracy to possess with intent to distribute more than 500 grams of cocaine and more than 50 grams of cocaine base in violation of 21 U.S.C. § 846. *United States v. Goodwin*, 4:01CR173 CEJ (E.D. Mo.).[2] In the plea agreement, Goodwin stipulated that he was responsible for 15 to 50 kilograms of cocaine, "including relevant conduct."

---

[1]Goodwin is no longer incarcerated.
[2]Goodwin was charged as part of a large drug conspiracy case involving fourteen defendants. The indictment consisted of ten counts. All fourteen defendants were charged in Count I. Counts II through VIII described certain drug transactions committed by certain individuals involved with the conspiracy. Petitioner was also specifically charged in Count VII, which charged him with possession with intent to distribute cocaine, but then listed a quantity of cocaine base.

The plea agreement listed nine events that occurred during the course of the conspiracy in which cocaine or cocaine base was found, and it provided that these events could be considered relevant conduct. At sentencing, Goodwin objected to the inclusion of the nine events as relevant conduct in the presentencing report ("PSR"). But the objection was overruled based on the fact that Goodwin had stipulated to being responsible for 15 to 50 kilograms of cocaine.

According to the United States Sentencing Guidelines ("U.S.S.G.") in effect at the time, the base offense level for more than 15 and less than 50 kilograms of cocaine was 34. U.S.S.G. § 2D1.1(a)(3). The Court applied this guideline and after adjustments, determined that Goodwin's total offense level was 31. With a criminal history category of II, the guideline range was 121 to 151 months' imprisonment. Goodwin was ultimately sentenced to a term of 151 months' imprisonment. Count VII, which charged Goodwin with possession with intent to distribute more than 50 grams of cocaine base, was dismissed pursuant to the plea agreement at the time of sentencing.

In May 2008, petitioner moved the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the U.S.S.G., which lowered the base offense level for offenses involving cocaine base. The Court denied the motion after finding that Goodwin's sentence was based on cocaine, not cocaine base. The judgment of the Court was summarily affirmed on appeal. *United States v. Goodwin*, No. 11-1080, (8th Cir. February 23, 2011).

On January 4, 2016, Goodwin filed a petition for writ of error coram nobis, seeking to have his federal judgment vacated. He argued that his criminal judgment should be vacated because the indictment was defective and because his plea agreement was ambiguous. *Goodwin v. United States*, 4:16-CV-0007 SNLJ (E.D.Mo.). The Court denied his petition for writ of error coram nobis on the merits on January 28, 2016. The Eighth Circuit Court of Appeals summarily

affirmed the denial of the petition on March 8, 2016. *Goodwin v. United States*, No. 16-1368 (8th Cir. 2016).[3]

**Discussion**

In the instant action, petitioner asserts that the Court should reconsider its decision denying the petition for writ of error coram nobis. He argues once again that the indictment was defective because it was the conspiracy count (Count I) that "derived from all other [dismissed] counts." He asserts that he "could not have pled guilty to count one or stipulated to the relevant conduct without the effects of Count VII." Thus, Goodwin states that he is again seeking a petition for writ of error coram nobis to reverse his conviction.

Federal Courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). Coram nobis is an "extraordinary remedy," and should only be used in extraordinary circumstances. *Kerr v. U.S. Dist. Court for the Northern Dist. of California*, 426 U.S. 394, 403 (1976). Moreover, coram nobis is not intended to be a substitute for proceedings brought pursuant to 28 U.S.C. § 2255. *See United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000); *United States v. Morgan*, 346 U.S. 502, 511 (1954).

Petitioner's arguments are nothing but a reiteration of his prior arguments before both this Court and the Eighth Circuit. These assertions have been denied in petitioner's motion for reduction of sentence based on Amendment 706, as well as his prior petition for writ of error coram nobis, and the appeals of both of those motions. Additionally, petitioner has failed to

---

[3] Goodwin has filed several other suits complaining about the handling of his criminal case, all of which have been dismissed. *See Goodwin v. United States*, 4:02CV1709 DJS, §2255 motion denied (E.D. Mo. Apr. 16, 2003), appeal dismissed No. 07-2830 (8th Cir. Oct. 10, 2007); *Goodwin v. Decker*, 4:06CV1479 JCH, dismissed on plaintiff's motion (E.D. Mo. Nov. 15, 2006); *Goodwin v. Burris*, 4:09CV83 DJS, dismissed (E.D. Mo. Feb. 12, 2009); *Goodwin v. United States*, 4:13CV636 CDP, dismissed (E.D. Mo. Apr. 30, 2013); *Goodwin v. Jackson*, 4:17CV2556 RLW, dismissed (E.D. Mo. Dec. 7, 2017), aff'd No. 17-3699 (8th Cir. Jan. 5, 2018).

overcome the presumption that the underlying proceedings were correct. As a result, petitioner has failed to show that he was denied a fundamental right, and the petition will be denied without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition "for the Court to take judicial notice of adjudicated facts" is **DENIED** and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will be filed separately.

Dated this 13th day of March, 2018.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE